UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JANINE LINTON,

                                Plaintiff,

-against-

FRONTIER AIRLINES, INC.,

                                Defendant.
-----------------------------------------------------------------x

Docket No.: 18 cv 000044

**ANSWER TO**
**VERIFIED COMPLAINT**

**Trial by Jury Demanded**

        Defendant, Frontier Airlines, Inc. (hereafter "Frontier") by its attorneys, Connell Foley LLP, as and for its Answer to Plaintiff's Verified Complaint, states as follows:

        1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Verified Complaint designated "1", "2", "5", "6", "7", "8", "9" and "10".

        2.     Denies the allegations set forth in the paragraphs of the Verified Complaint designated "3", "4", "11", "12", "13", "14", "15", "16", "17", "18" and "19".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

        3.     Upon information and belief, any past or future costs, expenses or damages incurred or which will be incurred by plaintiff as alleged in the Verified Complaint, has been or will be, with reasonable certainty, replaced or indemnified in whole or in part from a collateral source as that term is defined in Section 4545(c) of the New York Civil Practice Law and Rules. By reason of the foregoing, if any damages are recoverable against the amount of any such

damages must be diminished by the amount of the reimbursement or indemnification which the plaintiff has or shall receive from such collateral source.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4. All limitations of liability made available by Article 16 of New York's C.P.L.R. may apply to this defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5. The plaintiff assumed the risk of injuries allegedly sustained.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6. By reason of provisions of the Contract of Carriage, the liability of Frontier is limited and/or excluded.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7. All or part of the damages allegedly sustained by the plaintiff, were caused solely by her culpable conduct through her negligence and careless acts or omissions and plaintiff's damages, if any, should be diminished in accordance with the degree of culpability and fault attributed to her as provided in CPLR §1411.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8. The damages sustained by the plaintiff, if any, were caused by the acts, negligence and/or carelessness of some third-person over whom Frontier had neither control nor responsibility.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

9. The Verified Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

10. The plaintiff is barred from recovery of damages, or any recovery of damages must be reduced, by reason of plaintiff's failure to mitigate damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

11. The injuries and damages sustained by the plaintiff, if any, were the result of an Act of God for which defendant, Frontier, was not responsible and not caused or contributed to by the acts or omissions of defendant, Frontier, in any way.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

12. The damages, if any, sustained by the plaintiff was a direct and proximate result of an independent intervening and/or superseding act by some other person(s) and/or entity(ies) not under the control of Frontier.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

13. The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. now recodified and incorporated into 49 U.S.C. §40101 et seq.) and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that air carriers must follow for aviation safety and security and those federal

4232255-1

standards preempt State law standards governing flight operations, management, flight crew training procedures and in-flight policies and procedures and Frontier's compliance with these federal standards precludes a finding of liability against it.

### AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE

14.  Any of the plaintiff's claims that relate to rates, routes, and services provided by Frontier are expressly preempted by 49 U.S.C. §41713.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

15.  The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of Frontier, its agents, or employees.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

16.  Frontier is not liable to plaintiff because Frontier complied with all applicable government regulations in effect at the time of the events described in the Verified Complaint.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

17.  Plaintiff's claims based on common law or statutory law of the individual States requiring air carriers to implement procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 732, formerly codified as 49 U.S.C. §1301 et seq. and now recodified and incorporated as 49 U.S.C. §40101 et seq.) and the federal regulations promulgated pursuant thereto are barred since

compliance with those state laws would constitute an unconstitutional burden on interstate air commerce.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

18.     Frontier reserves the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

**WHEREFORE,** the defendant, Frontier Airlines, Inc. demands judgment dismissing the Verified Complaint, together with the costs, disbursements and attorneys fees herein, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 5, 2018

                              CONNELL FOLEY LLP

                              *(signature)*

                              MICHAEL J. CROWLEY
                              MICHAEL BOJBASA
                              For the Firm
                              Attorneys for the Defendant
                              **FRONTIER AIRLINES, INC.**
                              888 Seventh Avenue, 9th Floor
                              New York, New York 10106
                              (212) 307-3700

TO:   JANAI JACKSON, ESQ.
      **JACKSON LEGAL GROUP P.C.**
      Attorneys for Plaintiff
      807 Kings Highway - 2nd Floor
      Brooklyn, New York 11223
      (718) 872-7407

4232255-1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                     ) ss.:
COUNTY OF NEW YORK )

DAWN CAMMAYO, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides at Matawan, New Jersey.

On January 8, 2018, deponent served the within **ANSWER TO VERIFIED COMPLAINT** upon:

**JANAI JACKSON, ESQ.**
**JACKSON LEGAL GROUP P.C.**
Attorneys for Plaintiff
807 Kings Highway - 2nd Floor
Brooklyn, New York 11223
(718) 872-7407

being the addresses designated by said attorneys/parties for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in a post office official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
DAWN CAMMAYO

Sworn to before me this
8th day of January, 2018

_____
Notary Public

MONICA CRUZ
Notary Public, State of New York
No. 01CR6223670
Qualified in Bronx County
Commission Expires June 14, 2018

4232255-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket No.: 18 cv 000044

---

JANINE LINTON,

                                        **Plaintiff,**

-against-

FRONTIER AIRLINES, INC.,

                                        **Defendants.**

---

## ANSWER TO VERIFIED COMPLAINT

---

**CONNELL FOLEY LLP**
*Attorneys for Defendant*
*FRONTIER AIRLINES, INC.*
888 Seventh Avenue - 9th Floor
New York, New York 10106
Tel.: (212) 307-3700
Fax: (212) 262-0050

4233531-1