

**Connell Foley LLP**
888 Seventh Avenue
9th Floor
New York, NY 10106
P 212.307.3700  F 212.262.0050

Michael J. Crowley
Partner
MCROWLEY@CONNELLFOLEY.COM

June 14, 2019

**VIA ECF**
U.S. District Judge Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Janine Linton v. Frontier Airlines, Inc.
            Index No.: 18 CV 00044
            **CF File: 16489/122476**

Dear Judge Vitaliano:

    We represent Frontier Airlines, Inc. ("Frontier") in the referenced action and write to request a pre-motion conference. Frontier seeks permission to file a motion seeking summary judgment pursuant to FRCP 56.

    This matter involves an incident which occurred on 11/23/17 while Plaintiff was traveling onboard Frontier Flight 423 from New York to Atlanta. During the beverage service portion of the flight, Plaintiff ordered hot tea from Frontier Flight Attendant Alina Carter. Plaintiff testified that when Ms. Carter returned she passed Plaintiff a cup of hot water. Plaintiff reached up with her right hand to take the cup and used her left hand to start moving the clasp to put her tray table down. Plaintiff testified that she is right hand dominant and that she held the top of the cup because that was its thickest part. Plaintiff stated that as she was holding the cup and undoing the clasp, it was at that point in time when she spilled the hot water onto herself. Plaintiff could not think of a reason why she dropped the cup and confirmed that there was no turbulence.

    Plaintiff testified that she always gets hot drinks when she flies and that she has had many hot beverages on airlines, including Frontier, which is the airline she flies frequently. Plaintiff drinks both tea and coffee, but mostly tea because that is what she grew up drinking in London, England. Plaintiff testified that when she makes tea for herself she uses a kettle to boil the water. After the water has boiled, she pours out the water from the kettle, and then adds milk which cools it down or waits until she can drink it. When asked what she claimed Frontier did wrong, Plaintiff testified that the water was "way too hot."

June 14, 2019
Page 2

Flight Attendant Alina Carter testified that after taking Plaintiff's order for a hot tea, she went and filled a cup with hot water. Carter stated that the cup was filled to about ¾ of the way full. Carter then prepared a separate small plastic cup, and placed within it the lemon tea bag, napkins, stir stick, two sugar packets and lid. When she got to Plaintiff's seat, Carter handed Plaintiff the small plastic cup first, which Plaintiff placed on the empty seat beside her. Carter testified that when she tried to hand the hot water cup to Plaintiff the tray table was not down, therefore she told Plaintiff to put down the tray table as Plaintiff attempted to hand over her debit card. Plaintiff put the tray table down, took the hot water from Ms. Carter, and placed the cup onto the tray table. Plaintiff then handed her debit card over to Ms. Carter for payment. Ms. Carter testified that as she was swiping Plaintiff's card, Plaintiff adjusted her seat and knocked the tray table with her knee, and that is how Plaintiff burned herself. Ms. Carter was not aware of the temperature of the water in the cup, which she had obtained from the coffee maker on board, however she did know that the water does not come to a boil.

Plaintiff's interrogatory responses allege that Frontier was negligent in failing to serve the tea at a reasonable temperature, in causing the tea to spill on Plaintiff, failing to exercise due care, and failing to serve a hot beverage without a lid. In order to prove such claims, Plaintiff has retained a plastic surgeon and aviation safety expert. Plaintiff's medical expert has opined that in his "professional opinion," the burns sustained by Plaintiff were caused by contact with the water for approximately two seconds in duration and therefore the water temperature would have been 149F degrees.

Plaintiff's aviation safety expert, Barbara Dunn, testified that in her opinion it is not dangerous for a passenger to take a hot beverage cup directly from a flight attendant. Ms. Dunn stated that if you are serving a hot beverage to a passenger that is hot enough to burn, there should have been some sort of warning provided by the flight attendant. While Dunn conceded that a person ordering tea expects the water to be hot, she testified that they would not expect it to be hot enough to burn. Ms. Dunn testified that in her opinion any liquid hot enough to burn when spilled upon you is "excessively hot." However, Ms. Dunn conceded that she had no idea what the temperature of the water in this case was, nor did she have any knowledge as to at what temperature liquid would or would not burn someone's skin. Ms. Dunn has been involved as an expert in at least three other cases involving claims of burns from spilled liquid onboard aircraft of other airlines. Therefore Ms. Dunn agreed that Frontier is not the only air carrier serving beverages hot enough to cause burns if spilled. Ms. Dunn testified that there is no industry standard or practice that requires a tray table to be down prior to serving a passenger a hot beverage. Plaintiff's expert also conceded that it is not negligent to serve hot tea without a lid on the cup. Ms. Dunn's only allegation as to the negligence of Frontier's flight attendant was that Ms. Carter did not warn Plaintiff that the water in the cup was "excessively" hot.

In *Moltner v. Starbucks Coffee Co.*, 2009 U.S. Dist. Lexis 101413 (S.D.N.Y. 2009), the plaintiff alleged that the tea she purchased was defectively designed because it was too hot, that Starbucks negligently prepared the tea using water that was too hot, and that Starbucks failed to warn her that the tea could spill. In granting summary judgment to Starbucks, the Court noted that under New York Law there is no duty to serve a hot beverage in such a manner that no harm will come to a user no matter how careless they

June 14, 2019
Page 3

may be. The plaintiff in *Moltner* relied on the conclusory assertion that the tea was too hot, as Ms. Linton seeks to do in the instant matter. In response to the defendant's Local Rule 56.1 Statement the *Moltner* plaintiff claimed that the tea was served at approximately 190 degrees. However the Court found that this failed to raise a genuine issue of matter fact as to whether the tea was hotter than the plaintiff reasonably expected. "[E]ven though [a beverage is] hot enough to cause an injury, that does not establish a defect or negligence in service." *Id.* at *6, quoting *Smith v. Bagels Unlimited, Inc.*, N.Y.L.J., June 18, 2002, at 20 (N.Y. Sup. Ct. 2002).

The *Moltner* plaintiff admitted that she intended to purchase hot tea and was familiar with procedures with brewing tea, such as boiling water. Based on these facts, the Court found that no reasonable fact finder could conclude that the tea's 190F degree temperature took the plaintiff by surprise. The plaintiff also offered no evidence that the tea's 190F degree temperature was greater than the industry standard. Although the cup in *Moltner* had a warning printed on it noting that it contained hot liquid, the Court noted that even had Starbucks not printed such a warning, the plaintiff's prior experience with hot tea relieved Starbucks of a duty to warn.

Plaintiff's claims in this case warrant dismissal for the same reasons as set forth in *Moltner*, and there are other cases dealing with hot liquids which also support Frontier's arguments on these issues. Plaintiff here has made no showing that the water was served at a temperature that was unreasonable and beyond accepted industry practice, and she cannot simply rely on her injuries. Frontier is also relieved of the duty to warn based on Plaintiff's acknowledged experience with ordering and making hot tea.

Frontier also will seek dismissal based on federal preemption under the Federal Aviation Act, 49 U.S.C. §40101 et.seq., as amended by the Airline Deregulation Act ("ADA"), 49 U.S.C. §41713(b). The ADA preempts state action having a connection with or reference to airline rates, routes, or service. The Supreme Court has clarified that the ADA's preemption clause is applicable to state tort lawsuits. *Am. Airlines Inc. v. Wolens,* 513 U.S. 219, 228-229 (1994). Plaintiff's claims are related to Frontier's beverage service, which involves matters incidental to and distinct from the actual transportation of passengers, and therefore relates to a "service" as that term is used in the ADA.

We welcome appearing before Your Honor to discuss this matter and Frontier's proposed motion in greater detail. Your Honor's favorable consideration of this request will be greatly appreciated.

Respectfully,

Michael J. Crowley

MB/dzc

5070650-1

June 14, 2019
Page 4

cc: <u>**VIA ECF**</u>
Eric M. Babat, Esq.
Okun Oddo & Babat, P.C.
8 West 38th Street, 10th Floor
New York, New York 10018

5070650-1